GREENE et al. v. KNOX et al.
ADAMS v. CONTINENTAL NAT. BANK.

No. 4574. Decided January 14, 1928. (263 P. 928.)

218

*Dey, Hoppaugh, Mark & Johnson,* of Salt Lake City, for appellant.

*Pierce, Critchlow & Marr,* of Salt Lake City, for respondent.

CHERRY, J.

The main action out of which the present controversy arose was by the plaintiffs and against W. F. Adams and certain heirs of Frank Knox, deceased, to recover an alleged liability upon an executor's bond which the defendant W. F. Adams and Frank Knox had executed on September 5, 1905, as sureties. Adams filed his answer to the plaintiffs' complaint, in which he admitted the execution of the bond as one of the sureties but denied the plaintiffs' claim or any breach of the conditions of the bond. He obtained an order giving him permission to bring in the Continental Bank of Salt Lake City as a cross-defendant to the action against which he filed a cross-complaint. The bank's demurrer to the cross-complaint was, by the court, sustained, and the cross-complaint dismissed. The case is here upon Adams' appeal from the order dismissing his cross-complaint.

The averments of the cross-complaint were in effect: That, on and before September 5, 1905, defendant Adams was cashier of the National Bank of the Republic, a national banking corporation of Salt Lake City. That it was and had been for a long time the custom of said bank to furnish bonds executed by its agents upon request of its customers and to retain their good will, "the said bank taking from such customers desiring the execution of said bond adequate and sufficient indemnity and security against liability

for protection against executing said bonds, and the bank in turn indemnifying its said agents," etc. That it was part of the duties of and this defendant was required to and did, from time to time upon request, execute such bonds as surety, and as one of the terms of his employment the said bank was required to indemnify and protect this defendant from liability thereon. That though in form the sureties so secured were personal, the bank was in fact the indemnitor, and it was the duty of the bank to take adequate and full security for the protection of the sureties. That, pursuant to such general custom and at the bank's request, and acting in good faith as the agent of the bank under the conditions heretofore stated, "and upon the faith of the representations and assurances that such act was lawful and proper," the defendant executed the bond sued upon. That the defendant has no knowledge nor any information sufficient to form a belief as to whether the bank "received or in any manner obtained indemnity for this defendant against liability, but nevertheless this defendant was entitled in equity to be indemnified by said National Bank of the Republic against liability by reason of the execution of said bond under the terms of said employment." That thereafter the National Bank of the Republic was consolidated, according to law, with the Continental National Bank under the latter's name, and by such consolidation the liability to indemnify the defendant Adams was assumed by and became a liability of the Continental National Bank, the cross-defendant. That, in equity and good conscience, the plaintiffs should be required to satisfy any liability (if any there be) under said bond out of any property delivered to said National Bank of the Republic to indemnify this defendant; or, if no indemnity were taken by said bank, the said Continental National Bank, in equity and good conscience, should be required to indemnify this defendant and pay any liability, if any there be, under the terms of said bond, and this defendant should be relieved and discharged of and from

any liability therefor. That for these purposes the Continental National Bank should be made a party to the action.

Defendant prayed that the Continental National Bank be made a party and be required to account for any money, properties, or rights had or received by the National Bank of the Republic for indemnity, and that the same be applied to satisfy any liability, if any there be, under the bond sued upon; that the Continental National Bank be required to indemnify the defendant and to pay and satisfy all liability, if any be adjudged, arising by reason of the execution of said bond by the defendant.

Upon the theory that the cause of action attempted to be stated was one arising out of contract, the principal contention relates to the validity of the contract relied upon, viz. the alleged agreement of the bank to indemnify Adams from any loss sustained by reason of executing the bond. It is insisted in behalf of the bank that the transaction was not a part of, nor incidental, to the banking business within the contemplation of the National Banking Act, and that the alleged contract was therefore ultra vires and unenforceable. This apparently was the main ground upon which the demurrer was sustained. Appellant, however, disputes this, and contends that the contract was not ultra vires, and that, even if it was, the defense is not available to the bank, for the reason that the contract was fully executed on his part. It is needless to consider the opinions of other courts upon this subject, because the question is not an open one in this state. In *Tracy Loan & Trust Co.* v. *Merchants' Bank* 50 Utah 196, 167 P. 353, it was held that a bank's written guaranty for the payment of rent by another was ultra vires and could not be enforced against the bank. The decision in that case rests upon sound and necessary principles, and we see no reason for departing from it. It is conclusive against appellant in the present case.

Appellant's counsel, however, advance the theory that a cause of action in equity is stated by the cross-complaint upon the grounds that the bank should be required to account for all money or securities taken and held by it for the benefit and protection of the sureties on the bond. The trouble with this claim is that there is no averment that any such money or other property was ever taken or is now held by the bank. The allegations of the cross-complaint that he "has no knowledge nor any information sufficient to form a belief as to whether the said National Bank of the Republic received or in any manner obtained indemnity," etc., is wholly insufficient to present any issue or to require an answer upon the subject referred to. It is elementary that material facts in a pleading must be affirmatively averred.

Another theory of defendant's liability, independent of contract, but resting upon negligence, is urged by appellant. He says that, by virtue of the previous custom and practice of the bank in requiring its agents and employees to execute bonds for the accommodation of its patrons, it was the duty of the bank, when the bond in question was executed, to take security for the protection and benefit of appellant, and, failing to do so, was guilty of negligence in consequence of which its successor should now be held for the liability on the bond. Undoubtedly a bank is liable for its negligent acts. But the facts pleaded in the cross-complaint do not state a case of negligence within the legal signification of that term. Whatever duty devolved upon the bank to take security for the sureties on the bond was purely contractual in its nature and could be created only by contract. The matter is not within the doctrine of principles of the law of negligence. It rests exclusively upon contract, and the appellant must fail when the contract upon which he relies was invalid for want of power by the bank to enter into it.

Independent of the foregoing, the demurrer to the cross-complaint was properly sustained for lack of an averment that appellant had sustained any loss or injury by reason of the execution of the bond. Appellant's answer to the plaintiff's complaint, which was made a part of his cross-complaint against the bank, denied any breach of the bond or liability to the plaintiff. It is certainly essential as a ground of recovery upon such a contract of indemnity to show a loss by the complaining party. In appellant's own brief, when discussing the statute of limitations (a point not here urged by respondent), his counsel say:

"Until the amount of Adams' liability on the bond is established, of course he cannot sue the bank. If he were never sued upon this bond, no cause of action could accrue to him as against the bank. When Adams is sued, he can demand that the security be applied according to the contract with the bank. But, until he has suffered damages, he has no cause of action against the bank."

Judgment affirmed.

THURMAN, C. J., and HANSEN, GIDEON, and STRAUP, JJ., concur.